IN THE MATTER OF THE PEOPLE BY THEIR ATTORNEY-GENERAL, *v.* THE SECURITY LIFE INSURANCE AND ANNUITY COMPANY.

*Valuation of a policy in an insolvent life insurance company — the subsequent death of the holder will not authorize a revaluation of it.*

When, after a policy in an insolvent insurance company has been valued and placed upon the receiver's dividend list, the holder thereof dies, the court will not, upon the application of his executor, direct that the policy be revalued as a death claim and order the receiver to pay dividends thereon upon the basis of the latter valuation.

APPEAL from an order made at Special Term, denying an application to revalue a policy.

*Raphael J. Moses, Jr.,* for the appellant.

*Hamilton Cole,* for the respondent.

BARRETT, J.:

Prior to the 2d of July, 1879, William Bischoff, a policyholder in the Security Life Insurance and Annuity Company, presented his claim against the receiver of that company. The policy was then valued at $239.12, and placed upon the dividend list at that amount. In making the valuation, the receiver's assistant used the American experience table of mortality and interest at the rate of four and one-half per cent per annum, assuming Mr. Bischoff to be alive. Since then Mr. Bischoff died, and his executor now moves to change the valuation of the policy from $239.12 to $1,158.09, and for an order directing the receiver to pay the dividend on the basis of the latter valuation. It is conceded that if the policy were valued as a death claim its value would be $1,158.09.

But the receiver objects to our disturbing the existing status, urging that, as there are numerous policies, a change of valuation would make the claims against the receiver a constantly shifting quantity. We agree with him that claims which have been duly estimated and valued upon the principle laid down in the referee's report, and

then placed at such fixed and settled valuation upon the dividend list, should not be reopened by after-occurring events. If we were to allow such a practice to prevail it would inevitably lead to great confusion, uncertainty and embarrassment. Dividends are largely based upon the amount of liquidated or adjusted claims. Every application resulting in an increase of such claims might require a minute calculation as to how far the dividend declared would be effected by the change. Then as to this particular application, there is no good reason why the adjustment made during Mr. Bischoff's life should be interfered with. The amount then fixed was the value of the policy at that time. That was an adjustment upon correct principles of the claim against the receiver. It should not be altered because of the coincidence of the policyholder's death within the period of the probable duration of his life, as ascertained by the mortality table. As well might the receiver — had Mr. Bischoff lived beyond that period — claim a reduction. If the adjustment is thus to fluctuate in accordance with the subsequent facts, of what use a valuation at all under the table?

We think the court below exercised its discretion judiciously in declining to reopen the proceedings, and the order appealed from should be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.